UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Candi Stavenger,

                Plaintiff,

v.

Jay Ryan Enterprises, Inc.,
d/b/a Sawmill Saloon and Restaurant,

                Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 07-3514 ADM/RLE

_____

Steven Andrew Smith, Esq., and E. Michelle Drake, Esq., Nichols Kaster & Anderson, PLLP, Minneapolis, MN, on behalf of Plaintiff.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Candi Stavenger's ("Stavenger") Motion for Default Judgment [Docket No. 16]. Stavenger seeks a judgment for damages, costs, and attorney's fees. For the reasons set forth below, Stavenger's Motion is granted.

## II. BACKGROUND

In May 2007, Stavenger retained Nichols Kaster & Anderson, PLLP, to represent her in this matter. Smith Aff. [Docket No. 26] at Ex. H. On July 25, 2007, Stavenger filed her Complaint [Docket No. 1] alleging that Defendant Jay Ryan Enterprises, Inc. ("JRE"), doing business as Sawmill Saloon and Restaurant ("Sawmill Saloon") in Virginia, Minnesota, engaged in pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), and in violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.08, subd. 2(c). Stavenger, a former bartender at Sawmill Saloon, alleges that Jay Ryan Moehlenbrook ("J.R. Moehlenbrook"), her supervisor, made negative comments about Stavenger's pregnancy. Compl. ¶¶ 7-13. Stavenger alleges these comments occurred from July 2006 through March 16, 2007, when J.R. Moehlenbrook terminated Stavenger because of her

pregnancy.  Id. ¶¶ 11-14.

Although J.R. Moehlenbrook filed a three-line Answer [Docket No. 2] asserting that "[a]ll allegations by plaintiff are false," JRE has not retained counsel in this matter and failed to appear at the December 3, 2007, Rule 16 Conference before Chief Magistrate Judge Raymond L. Erickson.  Dec. 3, 2007 Court Minutes [Docket No. 15].  On January 23, 2008, this Court granted Stavenger's Motion for Entry of Default [Docket No. 16] after JRE failed to respond or appear at the hearing.  Order [Docket No. 22]; Clerk's Entry of Default [Docket No. 23].  The Court stated it would determine the amount of the default judgment after Stavenger submitted evidence regarding her damages, costs, and attorney's fees.

### III. DISCUSSION

**A.     Damages**

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court."  FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977).  Because JRE has defaulted, the well-pled allegations of Stavenger's Complaint are accepted as true, except for the amount of damages.  Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973).  "Once the entry of a default establishes the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages."  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993); see Fed. R. Civ. P. 55(b)(2) (stating that a court "may conduct hearings or make referrals . . . when, to enter or effectuate [a default] judgment, it needs to . . . determine the amount of damages"); Minn. R. Civ. P. 55.01(b) (stating that a court entering default judgment "shall ascertain . . . the amount to which the plaintiff is entitled, and order judgment therefor").

    **1.     Economic Damages**

Stavenger has submitted affidavits stating that her total wage loss as of March 20, 2008,

was $10,456.10.  Stavenger Aff. [Docket No. 30] ¶ 8; O'Neil Aff. [Docket No. 31] ¶ 6.

Stavenger asserts she was unemployed from March 16, 2007, the date of her termination, until

June 2007, when she obtained another job in the services industry.  Stavenger Aff. ¶¶ 4-5.

Although Stavenger's current hourly wage is slightly greater than when she worked at Sawmill

Saloon, she earns much less in tips.  Id. ¶¶ 1-2, 5-7.  Stavenger seeks to recover $3,200 for her

period of unemployment, and $7,256.10 for the difference between her earnings at her current

job and the wages and tips she would have earned had she remained employed at Sawmill

Saloon.  Id. ¶ 8; O'Neil Aff. ¶¶ 1-6.  Based on the record, the Court awards Stavenger

$10,456.10 for her current wage loss.

Stavenger also requests $23,400 in front pay for her anticipated reduced earnings from

March 20, 2008, through March 19, 2011.  Based on J.R. Moehlenbrook's alleged comments and

JRE's failure to respond in this action, an award of front pay in lieu of reinstatement is

appropriate.  After the reviewing the record, the Court finds a reasonable front pay award to be

$15,000.

    **2. Emotional Distress**

Stavenger seeks $75,000 for emotional distress damages under Title VII and the MHRA.

See 42 U.S.C. § 1981a(b)(3) (authorizing damages for "emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses");

Minn. Stat. § 363A.29, subd. 4. (authorizing "damages for mental anguish or suffering").

Stavenger avers that after she was terminated in March 2007, she experienced stress, anxiety,

vomiting, and, as a result, a doctor placed her on anti-anxiety medication.  Stavenger Aff. ¶¶ 10-

15.  She also states her marriage was adversely affected by the strain on her family's finances.

Id. ¶¶ 16-19.  After reviewing the record, the Court awards Stavenger $10,000 for emotional

distress.

### 3. Punitive Damages

Stavenger requests punitive damages under both Title VII and the MHRA. Under Title VII, punitive damages are available against an employer that has discriminated "with malice or with reckless indifference to the [employee's] federally protected rights . . . ." 42 U.S.C. § 1981a(b)(1). The standard under the MHRA is similar. See Minn. Stat. § 549.20, subds. 1(a)-(b) (allowing recovery of punitive damages "upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others"); Minn. Stat. § 363A.29, subd. 4 (stating that punitive damages under MHRA "shall be awarded pursuant to section 549.20"). Stavenger argues she is entitled to punitive damages under both statutes because of J.R. Moehlenbrook's negative comments regarding her pregnancy, and because of J.R. Moehlenbrook's decision to terminate her because of her pregnancy. Stavenger requests $8,500 in punitive damages under the MHRA, and $50,000 in punitive damages under Title VII. Both figures are the maximum punitive damages award available to Stavenger under the respective statutes. 42 U.S.C. § 1981a(b)(3)(a); Minn. Stat. § 363A.29, subd. 4. However, after reviewing the record, the Court finds that the conduct alleged in the Complaint does not rise to the level necessary to justify an award of punitive damages under either statute. Accordingly, the Court denies Stavenger's request for punitive damages.

### 4. Multiplication of Actual Damages Under the MHRA

The MHRA allows a judge to order a defendant "to pay an aggrieved party, who has suffered discrimination, compensatory damages in an amount up to three times the actual damages sustained." Minn. Stat. § 363A.29, subd. 4. Based on the absence of any guidelines in the MHRA, the Minnesota Supreme Court has concluded the statute "unambiguously vests trial courts with the discretion to multiply damages." Phelps v. Commonwealth Land Title Ins. Co.,

4

537 N.W.2d 271, 274 (Minn. 1995). The Court finds that Stavenger's actual damages should be doubled. Therefore: (1) the award of $10,456.10 for current total wage loss is doubled to $20,912.20; (2) the award of $15,000 in front pay is doubled to $30,000;[1] and (3) the award of $10,000 for emotional distress is doubled to $20,000.

**B.     Attorney's Fees and Costs**

Under both Title VII and the MHRA, prevailing plaintiffs may recover a "reasonable attorney's fee . . . as part of the costs. 42 U.S.C. § 2000e-5(k); Minn. Stat. § 363A.33, subd. 7. Because JRE has defaulted on Stavenger's Title VII and MRHA claims, Stavenger is a prevailing party under both statutes. "The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Nichols Kaster & Anderson has submitted billing records reflecting that two attorneys, a paralegal, and a law clerk worked 80.4 hours on this case. Smith Aff. Ex. H. Nichols Kaster & Anderson has billed Stavenger a total of $18,150. Id.

The Supreme Court has listed factors which should be weighed to determine whether the requested attorney's fees are reasonable or should be adjusted downward: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and the ability of the attorneys; (10) the "undesirability" of the case;

---

[1] In Ray v. Meester Advertising, 684 N.W.2d 404, 407-08 (Minn. 2004), the Minnesota Supreme Court concluded that front pay is subject to multiplication under the MHRA. The Ray Court rejected the Eighth Circuit's interpretation of Minnesota law on this issue. Id. at 409 n.6 (declining to follow Mathieu v. Gopher News Co., 273 F.3d 769, 781-82 (8th Cir. 2001)).

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). It is unnecessary for the Court to explicitly examine all of these factors in determining the reasonable attorney's fee. Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999) (citations omitted).

The Court questions the amount of Stavenger's requested attorney's fee, given that JRE failed to properly file a responsive pleading and defaulted at an early stage of this litigation. However, the billing records reflect significant legal work prior to the filing of the case, when it was assumed the matter would be contested. The Court finds that $15,000 is a reasonable attorney's fee for this matter. Nichols Kaster & Anderson has also submitted records reflecting that Stavenger incurred $684.18 in other costs. Smith Aff. Ex. G. After reviewing these records, the Court awards Stavenger $684.18 for her other costs.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Candi Stavenger's Motion for Default Judgment [Docket No. 16] is **GRANTED**;

2. Plaintiff is awarded $20,912.20 for total wage loss as of March 20, 2008;

3. Plaintiff is awarded $30,000.00 in front pay;

4. Plaintiff is awarded $20,000.00 for emotional distress;

5. Plaintiff is awarded $15,000.00 for attorney's fees; and

6. Plaintiff is awarded $684.18 for her other litigation costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 3, 2008.