UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Candi Stavenger,

        Plaintiff,

        **MEMORANDUM OPINION AND ORDER**

v.        Civil No. 07-3514 ADM/RLE

Jay Ryan Enterprises, Inc., d/b/a Sawmill
Saloon and Restaurant,

        Defendant.

_____

Adam W. Hansen, Esq., Nichols Kaster, PLLP, Minneapolis, MN, on behalf of Plaintiff.

Sarah L. Krans, Esq., Bernick Lifson, PA, Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

On February 26, 2015, the undersigned United States District Judge heard oral argument on James Moehlenbrock's Motion to Vacate Default Judgment [Docket No. 46]. Plaintiff Candi Stavenger ("Stavenger") opposes the motion. For the reasons set forth below, James Moehlenbrock's motion is denied.

## II. BACKGROUND

Stavenger filed a pregnancy discrimination lawsuit against her former employer on July 25, 2007. Compl. [Docket No. 1]. The Complaint was served on "Jay Ryan Mulabrook[sic] (Managing Partner of Jay Ryan Enterprises, Inc. d/b/a Sawmill Saloon and Restaurant)." Aff. Service [Docket No. 7]. At the time the lawsuit was filed, James Moehlenbrock, Jay Ryan Moehlenbrock's father, was incarcerated. James Moehlenbrock was never named as a defendant nor served in connection with the lawsuit.

The Defendant in the case, Jay Ryan Enterprises, Inc., d/b/a Sawmill Saloon and

Restaurant (the "Sawmill Saloon"), submitted a three-line response to Stavenger's Complaint: "All allegations by [Stavenger] are false. Respondent is out of town until August 31. Respondent will consult with an attorney upon return." Minute Order [Docket No. 10] 2.

No appearance was made on behalf of Sawmill Saloon at the October 23, 2007 Initial Pretrial Conference. Later in the day, Sawmill Saloon's lay representative, Jay Ryan Moehlenbrock, communicated to Magistrate Judge Raymond Erickson that he was conferring with legal counsel and promised to address the pretrial issues with an attorney. Id. 2-3. Judge Erickson therefore rescheduled the Initial Pretrial Conference to November 20, 2007. Id.

On November 20, 2007, Sawmill Saloon was still unprepared to proceed with the Conference. The Pretrial Conference was rescheduled for Monday, December 3, 2007. Am. Pretrial Notice Order [Docket No. 12] 1.

On December 3, 2007, again there was no appearance on behalf of Sawmill Saloon. The next day, Stavenger moved for Entry of Default [Docket No. 16]. On January 23, 2008, this Court heard argument on Stavanger's motion. Sawmill Saloon did not appear or otherwise contest the motion.

Stavenger's Motion for Entry of Default was granted on January 23, 2008. Order [Docket No. 22]. On April 3, 2008, Stavenger submitted evidence regarding damages, costs, and attorney's fees. Stavenger was awarded $70,912,20 in principal and damages and $15,684.18 in costs and disbursements, for a total of $86,596.38. Mem. Opinion Order [Docket No. 33]. Stavenger has yet to receive any payment from the Sawmill Saloon.

On December 2, 2009, Stavenger moved to Reopen the Case and for Leave to Amend the Complaint to Add a Party [Docket No. 36]. Stavenger sought leave to file an Amended

Complaint to add James Moehlenbrock as a defendant. According to Stavenger, new information regarding James Moehlenbrock's involvement and ownership of Sawmill Saloon was discovered through a separate lawsuit against Sawmill Saloon.[1] Stavenger withdrew her motion before a decision was rendered. Notice Withdrawal of Mot. [Docket No. 42].

In August 2014, Stavenger commenced an action in St. Louis County District Court against James Moehlenbrock. Terry Decl. [Docket No. 50] Ex. F. Stavenger asserts a veil piercing claim against James Moehlenbrock to hold him liable for the $86,596.38 federal judgment against Sawmill Saloon. James Moehlenbrock now moves under Federal Rule of Civil Procedure 60(b) to vacate the April 3, 2008 default judgment.

### III. DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 60(b) may be used to relieve a party or its legal representative from a final judgment due to fraud, excusable neglect, void judgment, or "any other reason that justifies relief." Duluth v. Fond du Lac Band of Lake Superior Chippewa, 977 F.Supp. 2d 944, 948 (D. Minn. 2013) (quoting Fed. R. Civ. P. 60(b)). In general, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing or exceptional circumstances." Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 (8th Cir. 1994) (citation and internal quotation marks omitted). Relief under this rule is exceedingly rare. In re Guidant Corp. Implantable Defibrillators Products Liability Litig., 496 F.3d 863, 868 (8th Cir. 2007).

---

[1] James Moehlenbrock, along with Sawmill Saloon, was named as a defendant in the other lawsuit. See Terry Decl. [Docket No. 50] Ex. A 1. James Moehlenbrock participated in the defense of that lawsuit.

**B. Standing**

Rule 60(b) can be invoked to vacate a judgment by a party or its legal representative. Fed. R. Civ. P. 60(b). Stavenger argues that because Moehlenbrock is neither a party nor a legal representative of Sawmill Saloon, he lacks standing assert Rule 60(b) motion. Moehlenbrock contends that Rule 60(b)'s standing principles are flexible, citing to other circuits that permit non-party litigants to pursue such motions when their interests are strongly affected.

Specifically, Moehlenbrock argues the state court lawsuit provides him standing to bring this motion because he is now strongly affected by the judgment against Sawmill Saloon. Moehlenbrock cites Dunlop v. Pan American World Airways, Inc., 672 F.2d 1044 (2d Cir. 1982), in support of his position. Dunlop, however, is easily distinguished. In Dunlop, an age discrimination suit commenced with the New York State Division of Human Rights was stayed while the United States Secretary of Labor commenced a federal action alleging Pan Am engaged in a pattern of age discrimination that impacted 600 employees. Id. at 1047. Over the next three years, while the federal case was ongoing, the plaintiffs in the state action were unable to pursue their state claims or participate in the federal suit. Id. The Secretary of Labor and Pan Am eventually agreed to a Stipulation of Dismissal in the federal action. Id. at 1048. Pan Am argued the dismissal also extinguished the suit with the New York State Division of Human Rights. Id. at 1047-1048. The plaintiffs in the state action moved under Rule 60(b)(6) for a clarifying amendment to the stipulation to make clear that dismissal did not affect the status of their state claims. Id. at 1048. The district court denied their Rule 60 motion for lack of standing, but the Second Circuit reversed, and held "[a]lthough Rule 60(b)(6) would not ordinarily be available to non-parties to modify final judgments, we hold that on the facts of this

4

case appellants were sufficiently connected and identified with the [Secretary of Labor's] suit to entitle them to standing to invoke Rule 60(b)(6)." Id. at 1052.

In its holding, the Second Circuit emphasized the connection between the non-party litigants in the New York State Division of Human Rights and the federal action with the United States Department of Labor. The record reflects that the non-party litigants were closely monitoring the federal action and were invested in its result. Here, the sufficient connection between Stavenger's action and James Moehlenbrock is non-existent. While James Moehlenbrock claims his incarceration shielded him from knowledge of the suit—a claim contested by Stavenger—and deprived him of the ability to be engaged in the lawsuit, it is nevertheless clear that James Moehlenbrock lacks the crucial fact that was fundamental to the Second Circuit's decision. The litigants moving for Rule 60(b) relief in Dunlop were actively pursuing their legal rights; James Moehlenbrock was not, and may have been frustrating the ability of others to pursue theirs. See generally Smith Aff. [Docket No. 53] Exs. 4, 7, 9 (showing that James Moehlenbrock retained some control of Sawmill Saloon while incarcerated and that the sale proceeds of Sawmill Saloon went to James Moehlenbrock, not Jay Ryan Moehlenbrock or Jay Ryan Enterprises).

James Moehlenbrock also cites Grace v. Bank Leumi Trust Co. of NY, another Second Circuit decision that permitted a non-party to invoke Rule 60(b) to vacate a judgment. 443 F.3d 180 (2d Cir. 2006). Similar to Dunlop, the Grace court limited its decision to the facts and held "where plaintiffs enter into a settlement agreement with a judgment-proof, *pro se* defendant with the intent at the time of the settlement to collect from a third party . . . the third party is 'strongly affected' by the judgment and entitled to standing to bring a Rule 60(b) motion." Id. at 188

(citing In re Lawrence, 293 F.3d 615, 627 n.11 (2d Cir. 2002)).  Other circuits have also permitted non-parties to invoke Rule 60(b), but their holdings have been limited to the facts at hand or otherwise qualified in a manner to make direct application here inappropriate.  See, e.g., Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir. 1994) ("[a] nonparty may seek relief from judgment procured by fraud if the nonparty's interests are directly affected."); Southerland v. Irons, 628 F.2d 978, 980 (6th Cir. 1980) ("Rule 60(b) by its own terms does not limit the court's power to set aside a judgment induced by fraud."); Binker v. Com. of PA, 977 F.2d 738, 745 (3d Cir. 1992) (noting that non-parties had standing to invoke Rule 60(b)(6) because "it is apparent from the record that, as potential recipients of settlement proceeds, [the non-party movants] have a stake in the litigation below.").

      Moehlenbrock does not claim the judgment here is fraudulent or was induced by fraud.  Nor was he involved in the litigation in a manner that makes application of Dunlop tenable.[2]  Moreover, Moehlenbrock cites to no Eighth Circuit precedent, and the Court is aware of none, that permitted flexible application of the plain language of "a party or its legal representative" to grant standing to a litigant similarly situated to Moehlenbrock.  Fed. R. Civ. P. 60(b).  Further, permitting Moehlenbrock to vacate the judgment would have the practical effect of returning this lawsuit—a lawsuit that was commenced nearly eight years ago—back to square one.  Stavenger would be saddled with the laborious task of proving a discrimination case that has been dormant

---

[2] Moehlenbrock claims that because he was not a named defendant in Stavenger's initial lawsuit, his interests were not affected until the state court suit was commenced in 2014. Stavenger has presented evidence demonstrating that Moehlenbrock had knowledge of the Stavenger lawsuit and that he was an owner of Sawmill Saloon during its pendency. Moehlenbrock denies these allegations.  Resolution of this disputed issue is unnecessary because the record includes sufficient evidence to conclude that Dunlop is inapposite.

for years. Although availability of potential witnesses is unclear, it is certain that their recall would be hindered by the sheer amount of time that has elapsed. Witnesses would be required to recall details and events that occurred in the distant past and corporate records and other documents would need to be located if they still exist. These facts support denying James Moehlenbrock' motion. See McCawley v. Fleischmann Transp. Co., 10 F.R.D. 624, 625 (S.D.N.Y. 1950) (noting that the difficulty of locating witnesses also justifies denying relief under Rule 60(b)).

For these reasons, Moehlenbrock lacks standing to invoke Rule 60(b) to vacate the judgment.

## C. Timing

In addition to deficient standing, Moehlenbrock is also hampered by Rule 60's requirement that "[a] motion under Rule 60(b) must be made within a reasonable time. . . ." Fed. R. Civ. P. 60(c). The determination of reasonable time is "dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999) (citing Federal Land Bank v. Cupples Bros., 889 F.2d 764, 767 (8th Cir. 1989)).

The default judgment in Watkins was allowed to stand without objection for seventeen months. 169 F.3d at 544. Although the question was not before the Eighth Circuit, the Court nevertheless stated that it had "considerable trepidation" about the timeliness of the Rule 60(b) motion. Id. Judgment was entered in this case almost seven years ago. The "reasonable time" to vacate the judgment has passed.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that James Moehlenbrock's Motion to Vacate Default Judgment [Docket No. 46] is **DENIED.**

BY THE COURT:


<u>     s/Ann D. Montgomery     </u>
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 16, 2015.